1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

ROSITA FRAUSTO,

Petitioner,

v.

STATE OF CALIFORNIA,

Respondent.

Civil No.    07-2073 BEN (CAB)

**ORDER DISMISSING CASE WITHOUT PREJUDICE**

Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

## FAILURE TO SATISFY FILING FEE REQUIREMENT

Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis. Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. See Rule 3(a), 28 U.S.C. foll. § 2254. If Petitioner wishes to proceed with this case, he must submit, **no later than January 2, 2008,** a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee.

## FAILURE TO NAME A PROPER RESPONDENT

In addition, review of the also Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of her as the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. See id.

The warden is the typical respondent. However, "the rules following section 2254 do not

1  specify the warden." Id. "[T]he 'state officer having custody' may be 'either the warden of the

2  institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal

3  institutions.'" Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note).  If "a

4  petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall

5  be the state officer who has official custody of the petitioner (for example, the warden of the

6  prison).'" Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

7        A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of]

8  habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody.  The

9  actual person who is [the] custodian [of the petitioner] must be the respondent."  Ashley v.

10  Washington, 394 F.2d 125, 126 (9th Cir. 1968).  This requirement exists because a writ of

11  habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the

12  body" if directed to do so by the Court.  "Both the warden of a California prison and the Director

13  of Corrections for California have the power to produce the prisoner." Ortiz-Sandoval, 81 F.3d

14  at 895.

15        Here, Petitioner has incorrectly named "State of California," as Respondent.  In order for

16  this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge

17  of the state correctional facility in which Petitioner is presently confined or the Director of the

18  California Department of Corrections.  Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.

19  1992) (per curiam).

20                    **FAILURE TO ALLEGE EXHAUSTION OF STATE REMEDIES**

21        Further, habeas petitioners who wish to challenge either their state court conviction or the

22  length of their confinement in state prison, must first exhaust state judicial remedies.  28 U.S.C.

23  § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987).  To exhaust state judicial

24  remedies, a California state prisoner must present the California Supreme Court with a fair

25  opportunity to rule on the merits of every issue raised in his or her federal habeas petition.  28

26  U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-34.  Moreover, to properly exhaust state court

27  remedies a petitioner must allege, in state court, how one or more of his or her federal rights

28  have been violated.  The Supreme Court in Duncan v. Henry, 513 U.S. 364 (1995) reasoned:

"If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims <u>under the United States Constitution</u>."  <u>Id.</u> at 365-66 (emphasis added).  For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only in federal court, but in state court."  <u>Id.</u> at 366 (emphasis added).

Nowhere on the Petition does Petitioner allege that he raised her claims in the California Supreme Court.  In fact, she specifically indicates he did not seek review in the California Supreme Court.  (<u>See</u> Pet. at 5.)  If Petitioner has raised her claims in the California Supreme Court he must so specify.  "The burden of proving that a claim has been exhausted lies with the petitioner."  <u>Matthews v. Evatt</u>, 105 F.3d 907, 911 (4th Cir. 1997); <u>see</u> <u>Breard v. Pruett</u>, 134 F.3d 615, 619 (4th Cir. 1998);  <u>Lambert v. Blackwell</u>, 134 F.3d 506, 513 (3d Cir. 1997);  <u>Oyler v. Allenbrand</u>, 23 F.3d 292, 300 (10th Cir. 1994); <u>Rust v. Zent</u>, 17 F.3d 155, 160 (6th Cir. 1994).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

1    The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition

2    is pending.  28 U.S.C. § 2244(d)(2); <u>see</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999).

3    <u>But see</u> <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed'

4    when its delivery and acceptance [by the appropriate court officer for placement into the record]

5    are in compliance with the applicable laws and rules governing filings.").  However, absent some

6    other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is

7    pending.  <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82 (2001).

8        Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a

9    habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to

10   it that the petitioner is not entitled to relief in the district court . . ."  Rule 4, 28 U.S.C. foll.

11   § 2254.  Here, it appears plain from the Petition that Petitioner is not presently entitled to federal

12   habeas relief because he has not alleged exhaustion of state court remedies.

13                                    **CONCLUSION**

14       Based on the foregoing, the Petition is **DISMISSED** without prejudice and with leave to

15   amend for failure to satisfy the filing fee requirement, failure to name a proper respondent, and

16   failure to allege exhaustion of state judicial remedies.  In order to have this case reopened,

17   Petitioner must, ***no later than January 2, 2008***, (1) pay the filing fee or provide adequate proof

18   of her inability to pay <u>and</u> (2) file a First Amended Petition that cures the deficiencies discussed

19   above. *The Clerk of Court shall send a blank Southern District of California In Forma Pauperis*

20   *Application and a blank First Amended Petition form to Petitioner along with a copy of this*

21   *Order.*

22       **IT IS SO ORDERED.**

23   DATED:  November 2, 2007

24

25   _____

26   Hon. Roger T. Benitez
     United States District Judge

27

28